UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA MARIE DEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:25-CV-00001 NCC |
| JOE BIDEN, et al, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is self-represented plaintiff Alexandra Marie Dean's civil complaint and Application to Proceed in District Court Without Prepaying Fees or Costs.[1] [ECF No. 2]. For the reasons explained below, the Court will deny plaintiff's Application and dismiss this case pursuant to 28 U.S.C. § 1915(e)(2).

### **Legal Standard on Initial Review**

Federal law requires this Court to dismiss a complaint filed in forma pauperis if, among other reasons, it is malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988), or it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63

---

[1] Plaintiff Alexandra Marie Dean attempted to file this action as a joint civil rights action with six additional plaintiffs: Michelle Dickerson, Brooke Marr, Whitney Thompson, Ariel Alton, Justin Shire and Ryan Brown. None of the additional plaintiffs signed the complaint with an original signature or filed an Application to Proceed in District Court Without Prepaying Fees or Costs. As such, the proposed plaintiffs will be stricken from the present action because civil plaintiffs lack standing to assert claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

(E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). A Court may determine that an action is malicious by referring to objective factors such as the circumstances and history surrounding the filing, whether probative facts vital to the life of the lawsuit have been alleged, and the tone of the allegations. *Id.* at 463. *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct.).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Id*. at 678.

District courts must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Also, district courts are not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background and Facts**

This case is one of eight (8) cases that plaintiff has filed, or participated in, in this Court pro se and in forma pauperis since October of 2023. *See Dean v. Russell*, No. 4:23-CV-01280 SEP (E.D. Mo. Oct. 10, 2023); *Dean v. Saint Louis City P.D.*, No. 4:24-CV-00255 CDP (E.D. Mo. Feb.

2

16, 2024); *Dean v. The City of Saint Louis Sheriff's Office, et al.*, No. 4:24-CV-00494 MTS (E.D. Mo. Apr. 2, 2024); *Dean v. Stobie,* 4:24-CV-00074 MTS (E.D. Mo. Jan. 13, 2024); *Brown v. Stobie,* No. 4:24-CV-00112 JAR (E.D. Mo. Jan 19, 2024); *Shire v. Stobie,* No. 4:24-CV-00184 SRC (E.D. Mo. Jan 31, 2024); and *Mertens, et al. v. Biden,* No. 4:24-CV-01405 RHH (E.D. Mo. Oct. 20, 2024).

Plaintiff's complaints have sought relief based on events relating to her loss of custody over her two minor children in St. Louis County Circuit Court in September of 2021. *See Wach v. Dean*, No. 21SL-DR00305 (21st Jud. Cir., St. Louis County Court).[2] In large part, plaintiff blamed attorney Laura Stobie, who represented the maternal grandparents in the custody action, for her loss of custody. The Circuit Court of St. Louis County-relying in part on testimony relating to the police interactions at issue in several of plaintiff's cases brought before the Court -determined that plaintiff was unfit and unsuitable to be a custodian for her children. *See, e.g., Dean v. Saint Louis City P.D.*, No. 4:24-CV-00255 CDP (E.D. Mo. Feb. 16, 2024). Nonetheless, several of the cases plaintiff filed in this Court have centered on the conduct of attorney Stobie, the Circuit Judge in her family court action, Judge John Lasater, the Chief Judge of the Missouri Supreme Court, Mary J. Russell, and St. Louis City police officers.[3] *See generally id.*

As an aside, and before delving into the facts of the instant case, the Court takes judicial notice of the fact that plaintiff has been told on at least four prior occasions that she is required to personally sign "[e]very pleading, written motion, and other paper[ ] . . . by a party personally if

---

[2]This information comes from Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[3]Plaintiff and several of her co-plaintiffs in the accompanying actions, had similar complaints about attorney Laura Stobie. All the complaints centered around the loss of custody of their children.

3

the party is unrepresented." Fed. R. Civ. P. 11; *See Dean v. The City of Saint Louis Sheriff's Office, et al.*, No. 4:24-CV-00494 MTS (E.D. Mo. Apr. 2, 2024); *Dean v. Stobie,* 4:24-CV-00074 MTS (E.D. Mo. Jan. 13, 2024); *Brown v. Stobie,* No. 4:24-CV-00112 JAR (E.D. Mo. Jan 19, 2024); *Shire v. Stobie,* No. 4:24-CV-00184 SRC (E.D. Mo. Jan 31, 2024). Despite this admonition, plaintiff has once again filed the complaint by emailing it to the Court, and she has failed to provide an original signature on the complaint. Local Rule 2.11 recognizes a "person's name on a signature block" as a signature only if that person made "[a]n authorized filing . . . through [that] person's electronic filing account." However, plaintiff does not have an authorized electronic filing account. Thus, plaintiff Dean cannot sign her complaint by utilizing a typed signature above a signature block. Despite this issue, the Court will not return the complaint to plaintiff for a new signature, as after reviewing the complaint, it will be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Discussion**

Plaintiff filed the instant 143-page typed complaint against 233 defendants on January 2, 2025. [ECF No. 1]. As noted above, she attempted to join six additional plaintiffs in this action but none of the additional plaintiffs signed the complaint with an original signature or filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Thus, the additional plaintiff will be stricken from this case.

It appears that plaintiff is seeking monetary relief under more than forty (40) listed claims in this action, which includes such causes of action as: (1) "civil RICO" and criminal "RICO"; (2) "conspiracy against rights"; (3) violations of the Supremacy Clause; (4) deprivation of rights under 18 U.S.C. § 242; (5) violations of criminal statutes such as mail/wire fraud, interception of protected communications, burglary, kidnapping, murder, assault, cruelty to children, trafficking

4

of children, trespass, violations of oath of a public officer, obstruction of law enforcement officers, false statements, false imprisonment, stalking, arson, theft, obstruction of justice, witness tampering, travel act violations, extortion, retaliation against whistleblowers and manufacturing false evidence;[4] (6) violations of judicial codes of conduct; (7) state "mandatory reporter" violations; (8) violations by federal and state agencies who have failed to conduct investigations into child trafficking; (9) 42 U.S.C. §§ 1983, 1985; (10) violations of state law claims of negligence, invasion of privacy, false advertising, violations of a protective order, intentional infliction of emotional distress, conspiracy, fraud, undue influence, unlawful arrest and unlawful imprisonment, tortious interference with parental rights, defamation, interference with custodial proceedings, malicious false reporting, unlawful notarization, abuse of process and civil conspiracy; (11) violations of the Missouri Constitution; and (12) violations of a plethora of enumerated State of Georgia statutes.

In this case, Plaintiff does not allege facts that would establish any of the foregoing. Rather, she makes bold and conclusory claims such as the following:

> In this civil R.I.C.O. action, the Defendant(s), entangled in the Family Court Criminal Enterprise (FCCE), are accused of systematically eroding parental rights, perpetuating grave injustices, and exploiting vulnerable families for personal gain. Their alleged crimes span mail fraud, wire fraud, money laundering, bribery, extortion, obstruction of justice, witness tampering, and the reprehensible trafficking of minors. According to the Claimant(s), the Defendant(s)' entrenched corruption has metamorphosed the family court system into a criminal enterprise.

---

[4]Plaintiff Dean also lists numerous federal criminal statutes that she believes defendants have violated which do not appear to have any bearing on these proceedings, such as: (1) accessory after the fact; (2) deprivation of benefits; (3) conspiracy to defraud the United States; (4) "fictitious obligations"; (5) theft of federal funds; (6) violation of interstate communications; (7) making threating communications; (8) receiving proceedings through extortion; (9) possession of false papers used to defraud the United States; (10) witness tampering; (11) perjury; (12) hostage taking; (13) obstruction; (14) making false statements for health care; (15) receipt of stolen goods; (16) bank fraud; (17) concealing receipts of stolen goods; (17) falsifying recording statements, entries and certificates; and (18) unlawful receipt of public money, property or records.

5

> Allegations Against the Defendant(s): The Defendant(s) are accused of employing illicit tactics, including intimidation, collusion, and procedural manipulation, to suppress evidence of abuse, neglect children's warfare, and manipulate custody outcomes to favor alleged perpetrators aligned with the enterprise's interests. This civil R.I.C.O. action seeks to address the severe harm inflicted by the FCCE's alleged racketeering schemes.

[ECF No. 1, pp. 66-67].

The Court has reviewed the entirety of the 143-page complaint and found that plaintiff has not alleged any facts that would link any act or omission on the part of defendants to plaintiff's entitlement to relief. The Court will not sift through the complaint and analyze each statute to construct claims for plaintiff. *See Stone*, 364 F.3d at 914. The Court therefore finds that the complaint fails to state a plausible claim for relief against defendants and is subject to dismissal as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, based on plaintiff's conduct, the Court finds that the instant complaint is malicious. Plaintiff's litigation history in this Court, through the filing of her prior cases as outlined above, as well as in Missouri State Court and now in the Northern District of Georgia,[5] reveals a pattern of meritless lawsuits and filings relating to her St. Louis County child custody case. This is the eighth such case plaintiff has filed relating to those events just in the Eastern District of Missouri, and the complaint fails to allege probative facts vital to the life of the lawsuit. Additionally, plaintiff has filed numerous baseless motions for recusal and restraining orders against Judge Lasater, her family Court judge, as well as countless frivolous "emergency motions" and "motions for temporary restraining orders" in her family court case. *See Wach v. Dean*, No. 21SL-DR00305-01 (21st Jud. Cir., St. Louis County Court).

---

[5]On October 1, 2024, plaintiff Dean and seventeen (17) additional plaintiffs filed suit in the Northern District of Georgia against approximately 253 defendants with similar allegations as the instant lawsuit. *See Dickerson, et al. v. Biden, et al.,* No. 1:24-CV-04457 SCJ (N.D. Ga.). The matter is currently under advisement.

6

Furthermore, plaintiff's decision to list approximately 32 judges as defendants in this action, including six judges from this Court who have previously ruled against her,[6] suggests that plaintiff filed this action not to vindicate a cognizable right, but to intimidate, harass, and/or disparage the defendants. This Court is required to dismiss a complaint as malicious when such conduct occurs. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Michelle Dickerson, Brooke Marr, Whitney Thompson, Ariel Alton, Justin Shire and Ryan Brown are **STRICKEN** from the present lawsuit.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED AS MALICIOUS,** and this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 23rd day of January, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[6]Plaintiff names the following judges from this Court as defendants in this action: the Honorable Matthew T. Schelp; the Honorable Henry Edward Autrey; the Honorable Stephen R. Clark; the Honorable Rodney W. Sippel; the Honorable John M. Bodenhausen; and the Honorable Sarah E. Pitlyk.